**NORWOOD SASH & DOOR MFG. CO.
v LOGSDON et**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5818. Decided June 24, 1940.

Mrs. Miriam Fisher, for William M. Logsdon, et.

Stanley A. Silversteen, Cincinnati, for Reading Bank.

**OPINION**

By ROSS, J.

Appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, whereby the answer and cross-petition of the appellant was stricken from the files, for the reason that the same was in substance the same pleading to which a demurrer had been previously sustained by the court.

If the answer and cross-petition stated a defense or good cause of action, the court committed error.

The action was brought by plaintiff to foreclose a mechanic's lien and marshal liens. The appellee Bank set up in an answer and cross-petition a mortgage lien which the bank had acquired on the premises in question.

The appellant alleges that he was induced by the bank "to assist said bank in the development of a certain tract of land, belonging to the bank, that an oral agreement was entered into between the bank and appellant," whereby the said bank placed under the direction of this defendant, the development of said land into a subdivision comprising fifteen lots, upon which approximately fifteen houses were to be built for sale on the open market; that said bank agreed to supply all necessary money for the payment of material and labor bills, to construct a street and install water mains in said tract; to move an old house to an agreed spot on lot 1; and to contract for the heating in the houses to be constructed thereon;

"This defendant agreed to assemble plans, submit the same for the bank's approval, supervise the construction of said houses and himself to do such labor as might be convenient or necessary to the furtherance of this project;

"Said plan and agreement further provided that the bank receive out of the proceeds of sale, and after the payment of all material and labor bills, the first three thousand dollars on Lot 1; and the first thousand dollars on the succeeding lots to be sold; this defendant to receive all monies over and above said sums."

The appellant alleges the bank failed to construct the streets as agreed and failed to advance money as promised and the appellant further alleges:

"That several months after the above agreement had been acted upon by both parties, the bank sought from this defendant notes which were to represent the amount it would receive from the sale of said lots, and procured from this defendant and his wife, signatures both to said notes and to mortgages securing the same; that no value accrued to this defendant by reason thereof, and that therefore this defendant owes no liability to said bank thereon.

"Further answering this defendant says that the mortgages upon which the bank's actions are founded, are void for the reason that the property described therein, is in fact, the property of the bank, and has been its property throughout the transaction described above; further, that the purported acknowledgments appearing on the face of the same were never in fact made."

The cross-petition was predicated upon a claim for damages caused by the failure of the bank to carry out its agreement. The basis of the court's action in sustaining a demurrer to the original answer and cross-petition of the defendant and striking the amended answer and cross-petition was that the acts upon which appellant relied as a defense and cause of action were ultra vires the bank.

The effect of the allegations of the pleading in question was to charge the bank with a contract to develop a subdivision upon land which it had acquired, (in what manner it is not stated).

The appellant was, under the agreement, to act as the contracting builder. He is presumed to know the limitations placed upon the banks by law.

No statutory authority can be found justifying the engagements charged to the bank, which is a creature of statute. The principles and laws applicable to corporations being general in character do not control banks which are created and controlled by legislation directly limited to their creation and operation. **Ulmer v Fulton, Supt. of Banks, 129 Oh St 323.**

The rule as to ultra vires applicable generally to corporations may not assist the appellant here.

Clearly the engagements of the bank were beyond the authorized powers of a bank. That the responsible officers may be personally liable is beside the point. The court committed no error in its action in striking the amended answer and cross-petition, since such action was in effect merely the sustaining of a demurrer to the same.

The judgment is affirmed.

MATTHEWS, J., concurs.

HAMILTON, PJ., Dissenting:

I am of opinion that the answer states a defense and the cross-petition states a cause of action. The motion to strike as a motion or demurrer should be overruled. Generally, ultra vires must be pleaded and proved.